UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    Docket No.:
---------------------------------------------------------------------------X
HD ARCHITECTURE PLLC,

                              Plaintiff,                    **COMPLAINT FOR**
                                                   **COPYRIGHT**
            -against-                    **INFRINGEMENT**

UNION 402 BUILDING, LLC, 402 UNION ASSOCIATES          **JURY TRIAL DEMANDED**
LLC, KAO-HWA LEE ARCHITECT P.C., and TERRA
CRG, LLC,

                            Defendants.
---------------------------------------------------------------------------X

       Plaintiff HD Architecture, PLLC ("Plaintiff") for his complaint against Defendants Union

402 Building, LLC, 402 Union Associates LLC, Kao-Hwa Lee Architect P.C., and Terra CRG,

LLC (collectively "Defendants") states as follows:

## NATURE OF THIS ACTION

       1.    Plaintiff brings this action against the Defendants for copyright infringement

under the Copyright Act, 17 U.S.C. § 101 et seq., including under at least 17 U.S.C. § 501 for

Defendants' infringement and unauthorized use of the materials covered by U.S. Copyright

Registration Nos. VAu 1-509-971 and  VA 2-372-040.

       2.    Defendants' conduct is causing, and unless immediately enjoined will continue to

cause enormous and irreparable harm to the Plaintiff.  Defendants may not continue to exploit

Plaintiff's literary composition without authorization.  Defendants' conduct must immediately be

stopped and Plaintiff must be compensated for Defendants' willful acts of copyright

infringement.

## THE PARTIES

3.      Plaintiff HD Architecture PLLC ("HDA") is a domestic corporation with a principal place of business at 151 Driggs Avenue, Brooklyn, New York 11222.

4.      Defendant Union 402 Building, LLC ("Union 402") is a domestic limited liability corporation organized and existing under the laws of the State of New York with a principal place of business at 348 West 57th Street, #122, New York, New York 10019.

5.      Upon information and belief, that at all times herein mentioned, Defendant Union 402 maintained offices and conducted business in the County of Kings, State of New York.

6.      Upon information and belief, that at all times herein mentioned, Defendant 402 was and remains authorized to transact business in the state of New York.

7.      Defendant 402 Union Associates LLC ("402 Union Assoc.") is a domestic limited liability corporation organized and existing under the laws of the State of New York with a principal place of business at 164 20th Street, Unit 4E, Brooklyn, New York 11232.

8.      Upon information and belief, that at all times herein mentioned, Defendant 402 Union Assoc. maintained offices and conducted business in the County of Kings, State of New York.

9.      Upon information and belief, that at all times herein mentioned, Defendant 402 Union Assoc. was and remains authorized to transact business in the state of New York.

10.     Defendant Kao-Hwa Lee Architect P.C. ("Kao-Hwa") is a domestic professional corporation organized and existing under the laws of the State of New York with a principal place of business at 670 Myrtle Avenue, #257, Brooklyn, New York 11205.

11.     Upon information and belief, that at all times herein mentioned, Defendant Kao-Hwa maintained offices and conducted business in the County of Kings, State of New York.

12.     Upon information and belief, that at all times herein mentioned, Defendant Kao-Hwa was and remains authorized to transact business in the state of New York.

13.     Defendant Terra CRG, LLC ("Terra") is a domestic limited liability corporation organized and existing under the laws of the State of New York with a principal place of business at 634 Dean Street, Brooklyn, New York 11238.

14.     Upon information and belief, that at all times herein mentioned, Defendant Terra maintained offices and conducted business in the County of Kings, State of New York.

15.     Upon information and belief, that at all times herein mentioned, Defendant Terra was and remains authorized to transact business in the state of New York.

16.     Upon information and belief, each of the Defendants was the agent and/or alter ego of each of the other Defendants and, in doing the things alleged in this Complaint, was acting within the course and scope of such agency.

17.     Upon information and belief, at all times relevant hereto, each of the Defendants was the agent, partner, co-conspirator, employee, or employer of each of the other Defendants herein; that at all times relevant hereto each of the Defendants was acting within the course and scope of such agency, partnership, conspiracy, or employment, and that each of the Defendants is jointly and severally responsible for the damages that are herein alleged to have been sustained.

## JURISDICTION AND VENUE

18.     This action is brought, and subject matter jurisdiction lies within this Court, pursuant to 28 U.S.C. §§ 1331 and 1338.  This Court has federal question jurisdiction in this matter that Plaintiff seeks damages and injunction relief against the Defendants named herein under §§ 501 through 505 of the Copyright Act of 1976, 17 U.S.C. 101 et seq.  The Court has pendant jurisdiction over any claims asserted herein which arise under state law in that such claims flow from a common nucleus of operative fact.

19.     Venue lies within this Court pursuant to 20 U.S.C. §§ 1391 (b)(1)-(3), 1391 (d) in that all the Defendants reside or have business operations for venue purposes and are subject to personal jurisdiction in this District, and that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the New York judicial district.

## FACTUAL BACKGROUND

### A.    THE UNDERLYING CONTRACT

20.     On or about February 9, 2021, Plaintiff HDA entered into a contact with Defendant Union 402 to design a new-mixed use building.

21.     After the bidding phase and with approximately 78% of the contract complete, Defendant Union 402 opted to change the scope of the proposed mixed-use building.  The change consisted of having condominium residential units instead of rental apartments, as previously agreed upon.

22.     At the request of Union 402, Plaintiff HDA drafted and prepared condominium designs in accordance with Defendant Union 402's new building scope.

4

23.    Plaintiff HDA provided Defendant Union 402 with the condominium designs.

24.    Defendant Union 402 approved Plaintiff HDA's architectural designs.

25.    On or about May 2, 2022, Plaintiff HDA filed the architectural designs that it had prepared with the New York City Department of Buildings.

26.    The New York City Department of Buildings approved Plaintiff HDA's architectural design filings.

27.    Defendant Union 402 never made a complaint to Plaintiff HDA about the architectural designs that Plaintiff had prepared.

28.    Defendant Union 402 failed to pay Plaintiff HDA for the work that was performed.

29.    Defendant Union 402 breached the contract it had entered into with Plaintiff HDA when it failed to make prompt payments to Plaintiff HDA for the work that it had performed.

30.    As a result of the material breach, the contract between Plaintiff HDA and Defendant Union 402 was terminated.

31.    Upon termination of the contract, any license to Defendant Union 402 for use Plaintiff's architectural designs was revoked, which also included the use of Plaintiff HDA's architectural designs and plans (hereinafter referred to as "HD Designs").

B.    SALE OF 402 UNION AVENUE, BROOKLYN, NEW YORK PROPERTY

32.    On or about December 27, 2022, Plaintiff HDA learns that the premises located at 402 Union Avenue, Brooklyn, New York was listed for sale and the premises was described as being a shovel ready-corner-opportunity zone development site with approved plans.

33.    The real estate listing that had been posted used Plaintiff's HD Designs and offered to distribute approved plans to prospective buyers.

34.    On or about February 28, 2023, a Notice of Mechanic's Lien was served on Defendant Union 402 Building, LLC.

35.    On or about March 1, 2023, the listing for 402 Union Avenue, Brooklyn, New York was removed.

36.    On or about March 2, 2023, Plaintiff HDA recorded the mechanic's lien in the Clerk's Office in Supreme Court, Kings County.

37.    On or about June 12, 2023, Plaintiff HDA learns that the property located at 402 Union Avenue, Brooklyn, New York was listed on the market.  The real estate broker for the listing, Defendant Terra, listed the property as a shovel ready site for sale.

38.    The real estate listing that was posted by Defendant Terra included 3D rendering of a schematic of building design that was created by Plaintiff HDA by an unknown third-party entity.  This rendering was performed without Plaintiff HDA's knowledge and/or permission.

39.    The real estate listing created by Defendant Terra utilized Plaintiff's HD Designs without Plaintiff's consent.

40.    On or about June 12, 2023, a cease and desist letter was served upon Defendant Terra.

41.    On or about November 30, 2023, the property located at 402 Union Avenue, Brooklyn, New York was sold to Defendant 402 Union Associates, LLC.

42.    Defendant 402 Union Associates, LLC contacted Plaintiff HDA on multiple occasions requesting a copy of Plaintiff's architectural designs.  Plaintiff did not comply with Defendant 402 Union Associates, LLC requests.

C.    **PLAINTIFF HDA'S COPYRIGHTS**

43.    On August 15, 2023, Plaintiff HDA submitted applications to the United States Copyright Office for its designs for a mixed use building, located at 402 Union Avenue, Brooklyn, New York.  Plaintiff HDA submitted applications to the United States Copyright Office for copyrights for its designs as both technical drawings and architectural works.  A copy of the designs that were submitted to the United States Copyright Office is annexed hereto as **Exhibits "A"** and **"B,"** respectively.

44.    On October 31, 2023, the United States Copyright Office issued Plaintiff HDA a Copyright, bearing Registration Number VAu 1-509-971, for the Technical Drawings with an effective registration date of August 15, 2023.  A copy of the United States Copyright Certificate is annexed hereto as **Exhibit "C."**

45.    On November 27, 2023, Plaintiff HDA was issued a Copyright for its Architectural Works, bearing Registration Number VA 2-372-040, with an effective registration date of November 22, 2023.  The Architectural Works were first published on June 2, 2023.  A copy of the United States Copyright Certificate is annexed hereto as **Exhibit "D."**

D.    **INFRINGEMENT OF PLAINTIFF'S COPYRIGHTS**

46.    Plaintiff HDA authored HD Designs for use in developing a mixed use building located at 402 Union Avenue, Brooklyn, New York.  *See* **Exhibits "A"** and **"B."**

47.    Plaintiff's designs for a mixed use building located at 402 Union Avenue, Brooklyn, New York are original works of authorship and constitute copyrightable subject matter under the United States Copyright Act (17 U.S.C. § 101 *et. seq*).  Plaintiff HDA is the author of the aforementioned designs for a mixed use building.

48.    Plaintiff HDA possess the exclusive rights described under 17 U.S.C. § 106 with respect to such copyrights.

49.    Plaintiff HDA has complied in all respects with the Copyright Act and has secured exclusive rights and privileges in and to HD Designs for use in the development of a mixed used building located at 402 Union Avenue, Brooklyn, New York.  Plaintiff has applied for and received from the Register of Copyrights, the appropriate Certificates of Copyright Registration for HD Designs.  A true and accurate copy of the Certificates of Copyright Registration is annexed hereto as **Exhibits "C"** and **"D."**

50.    Commencing on the date of first publication, and consistently thereafter, HD Designs have been published by Plaintiff HDA in conformity with the United States Copyright Act.

51.    Pursuant to the terms of the contract entered into by Plaintiff with Defendant Union 402, Plaintiff was the owner and author of all drawings it created.

52.    Pursuant to the terms of the contract entered into by Plaintiff and Defendant Union 402, Defendant had a nonexclusive license to use the drawings prepared by Plaintiff solely for the purposes of constructing, using, maintaining, altering, or adding to the Project, provided that the Defendant substantially performed its obligations under the terms of the contract.

53.     Pursuant to the terms of the contract entered into by Plaintiff and Defendant Union 402, Defendant was not permitted to assign, delegate, sublicense, pledge, or otherwise transfer any license granted to it to any other party without the prior written agreement of the Plaintiff.

54.     Defendant Union 402 never sought Plaintiff's consent to use Plaintiff's drawings beyond the scope of the contract.

55.     Plaintiff never granted Defendant Union 402 the right to use the Plaintiff's drawings for any other purposes beyond the scope of the contract.

56.     Defendant Union 402, without Plaintiff's express written consent, provided Plaintiff's drawings and schematics to real estate agents, like Defendant Terra, for the purposes of trying to sell the subject premises.

57.     Defendant Terra used Plaintiff's schematics and drawings and was able to sell the subject premises to Defendant 402 Union Assoc.

58.     Defendant 402 Union Assoc. was given a copy of the HD Designs drawings created by Plaintiff HDA, without Plaintiff's knowledge and/or written consent.

59.     Defendant 402 Union Assoc. provided a copy of the HD Designs drawings created by Plaintiff to Defendant Kao-Hwa.

60.     On or about April 17, 2024, a permit was pulled on the plans that were previously approved by the New York City Department of Buildings based upon Plaintiff's architectural drawings.

61.     Prior to the pulling of the permits, no party had ever contacted Plaintiff HDA for permission to pull a permit on the New York City Department of Building approved plans under Plaintiff's professional seal.  No party had ever contacted Plaintiff afterwards said permit was pulled either.

62.     On or about May 9, 2024, Defendant Kao-Hwa filed new architectural plans for the subject premises.

63.     The architectural plans that were filed by Defendant Kao-Hwa were substantial copies of the previous architectural plans that had been filed by Plaintiff HDA.

### FIRST CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT

64.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "63," inclusive with the same force and effect as if fully set forth herein at length.

65.     Defendants infringed on Plaintiff's Copyright and Architectural Work Copyright rights in violation of 17 U.S.C. § 102(8) by duplicating and misappropriating Plaintiff's HD Designs without Plaintiff's authority or permission.

66.     As a result of Defendants' infringement of Plaintiff's Copyright and Architectural Work Copyright and Plaintiff's exclusive rights under the Copyright Act, Plaintiff is entitled to actual damages plus all profits, gains, and advantages derived by Defendants by their infringement and/or statutory damages pursuant to 17 U.S.C.§ 504(c), in an amount no less than $150,000 per copyright violation.  Plaintiff is further entitled to its attorney's fees and costs

pursuant to 17 U.S.C.§ 505 to the extent that Defendants' infringement is found to be willful and intentional.

67.     The conduct of the Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing upon Plaintiff's Copyrights, and ordering Defendants to destroy all copies of the Plaintiff's architectural designs made in violation of Plaintiff's exclusive rights and cease and desist work on any building construction pursuant to such plans.

**SECOND CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**

68.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "67," inclusive with the same force and effect as if fully set forth herein at length.

69.     Defendants infringed on Plaintiff's Copyright and Architectural Work Copyright rights in violation of 17 U.S.C. § 102(8) by use of Plaintiff's architectural designs in their advertising without Plaintiff's authority or permission.

70.     As a result of Defendants' infringement of Plaintiff's Copyright and Architectural Work Copyright and Plaintiff's exclusive rights under the Copyright Act, Plaintiff is entitled to actual damages plus all profits, gains, and advantages derived by Defendants by their infringement and/or statutory damages pursuant to 17 U.S.C. § 504(c), in an amount no less than $150,000 per copyright violation.  Plaintiff is further entitled to its attorney's fees and costs

pursuant to 17 U.S.C. § 505 to the extent that Defendants' infringement is found to be willful and intentional.

71.    The conduct of the Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing upon Plaintiff's Copyrights, and ordering Defendants to destroy all copies of the Plaintiff's architectural designs made in violation of Plaintiff's exclusive rights and cease and desist work on any building construction pursuant to such plans.

## THIRD CAUSE OF ACTION
## FALSE DESIGNATION OF ORIGIN – 15 U.S.C. § 1125(a)(1)(A)

72.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "71," inclusive with the same force and effect as if fully set forth herein at length.

73.    By the conduct alleged above, Defendants have caused the false designation of origin of Plaintiff's Copyright and Architectural Work Copyright which has caused confusion, mistake, and/or deception as to the fact that Plaintiff created the aforementioned architectural works and lawfully possesses the exclusive Copyright and Architectural Work Copyright for the subject architectural works in violation of 15 U.S.C. § 1125(a)(1)(A), and in violation of Plaintiff's rights in other applicable law.

74.    Defendants' acts have caused and, if not preliminarily and permanently enjoined, will continue to cause Plaintiff to suffer irreparable harm.

75.     As A result of Defendants' false designation of origin, Plaintiff has suffered and will continue to suffer substantial damages and loss of profits and is entitled to actual damages plus all profits, gains, and advantages derived by Defendants by their infringement to be determined at the time of trial in an amount not less than $150,000.00.

76.     Upon information and belief, Defendants' conduct renders this case an exceptional case pursuant to 15 U.S.C. §1117(a) such that Plaintiff is entitled to reasonable attorney's fees.

### FOURTH CAUSE OF ACTION
### FALSE ADVERTISING – 15 U.S.C. § 1125(a)(1)(B)

77.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "76," inclusive with the same force and effect as if fully set forth herein at length.

78.     By the conduct alleged above, the Defendants have falsely advertised the Plaintiff's Copyright and Architectural Work Copyright for the abovementioned architectural designs as their own "original" work design and have caused confusion, mistake, and/or deception as to the fact that Plaintiff created the architectural designs at issue and lawfully possesses the exclusive Copyright and Architectural Work Copyright for these architectural designs, and in violation of the Plaintiff's rights in other applicable law.

79.     Defendants misrepresented an inherent quality or characteristic of the Plaintiff's architectural designs by falsely and without authorization using Plaintiff's architectural designs in connection with building, sale, advertising, offering for sale, and distribution into commerce of the illegally copied and misappropriated architectural designs.    Plaintiff created the

aforementioned architectural designs and legally possess the exclusive Copyright and Architectural Work Copyright rights to the subject architectural designs that were falsely advertised by the Defendants.

80.    Defendants' acts have caused and, if not preliminarily and permanently enjoined, will continue to cause Plaintiff to suffer irreparable harm.

81.    As a result of Defendants' false advertising, Plaintiff has suffered and will continue to suffer substantial damages and loss of profits and is entitled to actual damages plus all profits, gains, advantages derived by Defendants by their false advertising to be determined at trial in an amount no less than $150,000.00.

82.    Upon information and belief, Defendants' conduct renders this case an exceptional case pursuant to 15 U.S.C. § 1117(a) such that Plaintiff is entitled to reasonable attorney's fees.

## FIFTH CAUSE OF ACTION
## UNFAIR COMPETITION

83.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "82," inclusive with the same force and effect as if fully set forth herein at length.

84.    By the conduct alleged above, Defendants have misappropriated the Plaintiff's Copyright and Architectural Work Copyright in the aforementioned designs as their own original work design and have caused actual confusion as to the fact that Plaintiff created the subject architectural design and legally possesses the exclusive Copyright and Architectural Work Copyright for the abovementioned designs.

85.     Defendants' misappropriation of Plaintiff's Copyright rights without authorization has given Defendants an unfair competitive advantage because Defendants have misappropriated the results of the labor, skill, and expenditures of Plaintiff to achieve an unfair competitive commercial advantage within the building/construction market.

86.     Defendants are free-riding on the labor and skill of the Plaintiff's unique professional services and threaten the very existence of the product and services provided by Plaintiff.

87.     Defendants' acts have caused and, if not preliminarily and permanently enjoined, will continue to cause Plaintiff to suffer irreparable harm.

88.     As a result of Defendants' misappropriation that provided an unfair competitive advantage, Plaintiff has suffered and will continue to suffer substantial damages and loss of profits and is entitled to damages plus all profits, gains, and advantages derived by Defendants by their unfair competition to be determined at the time of trial in an amount no less than $150,000.00.

## SIXTH CAUSE OF ACTION
## UNJUST ENRICHMENT

89.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "88," inclusive with the same force and effect as if fully set forth herein at length.

90.     By the conduct alleged above, Defendants have profited unjustly at the expense of Plaintiff through the misappropriation of the Plaintiff's Architectural Work Copyright in the HD

Designs. Plaintiff created the HD Design and lawfully possesses the Architectural Work Copyright for the HD Designs.

91.    Defendants' misappropriation of Plaintiff's Copyright and Architectural Work Copyright, without authorization, require that equity and good conscience mitigate against permitting Defendants to retain what Plaintiff is seeking to recover.

92.    Defendants are free-riding on the labor and skill of the Plaintiff's unique professional services and threaten the very existence of the product and services provided by Plaintiff.

93.    Defendants' acts have caused and, if not preliminarily and permanently enjoined, will continue to cause Plaintiff to suffer irreparable harm.

94.    As a result of Defendants' unjust enrichment, Plaintiff has suffered and will continue to suffer substantial damages and loss of profits and is entitled to damages plus all profits, gains, and advantages derived by Defendants by their unjust enrichment to be determined at the time of trial in an amount no less than $150,000.00.

## SEVENTH CAUSE OF ACTION
## CONVERSION

95.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "94," inclusive with the same force and effect as if fully set forth herein at length.

96.    Plaintiff created the HD Designs and lawfully possesses the exclusive Copyright and Architectural Work Copyright for the HD Designs. Defendants, without authorization,

exercised dominion and control of the Plaintiff's Copyright and Architectural Work Copyright in the HD Designs to the exclusion of the Plaintiff's Copyright rights by misappropriating, building, and marketing the HD Designs as their own original work.

97.    Defendants are free-riding on the labor and skill of the Plaintiff's unique professional services and threaten the very existence of the product and services provided by Plaintiff.

98.    Defendants' acts have caused and, if not preliminarily and permanently enjoined, will continue to cause Plaintiff to suffer irreparable harm.

99.    As a result of Defendants' conversion, Plaintiff has suffered and will continue to suffer substantial damages and loss of profits and is entitled to damages plus all profits, gains, and advantages derived by Defendants by their conversion to be determined at the time of trial in an mount no less than $150,000.00.

## EIGHTH CAUSE OF ACTION
### TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL/BUSINESS RELATIONS

100.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "99," inclusive with the same force and effect as if fully set forth herein at length.

101.    Plaintiff created the HD Designs and lawfully possesses the exclusive Architectural Work Copyright for the HD Designs.   Defendants, without authorization, unlawfully and wrongfully misappropriated, misrepresented, built, and marketed to the public the HD Designs as their own original work.

102.    Defendants contracted and sought to contract the sale of the property lot, for which the HD Designs were designed for, on the unlawfully and wrongfully misappropriated HD Designs without the permission of Plaintiff.

103.    Defendants' conduct amounts to and violates several independent torts.

104.    Defendants' conduct amounts to and violates federal copyright statutes, the Lanham Act, and New York State Statutes.

105.    Defendants are free-riding on the labor and skill of the Plaintiff's unique professional services and threaten the very existence of the product and services provided by Plaintiff.

106.    Defendants' acts have caused and, if not preliminarily and permanently enjoined, will continue to cause Plaintiff to suffer irreparable harm.

107.    As a result of Defendants' tortious interference with prospective contractual/business relations, Plaintiff has suffered and will continue to suffer substantial damages and loss of profits and is entitled to damages plus all profits, gains, and advantages derived by Defendants by their conversion to be determined at the time of trial in an amount no less than $150,000.00.

**NINTH CAUSE OF ACTION**
**DECEPTIVE ACTS AND UNLAWFUL PRACTICES**

108.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "107," inclusive with the same force and effect as if fully set forth herein at length.

109.    Plaintiff created the HD Designs and lawfully possesses the exclusive Architectural Work Copyright for the HD Designs.  Defendants have materially misrepresented the Plaintiff's Copyright and Architectural Work Copyright in the HD Designs as their own original work design and have intentionally deceived consumers as to the fact that Plaintiff created the HD Designs by misappropriating, building, marketing the HD Designs as their own original work.

110.    Defendants are free-riding on the labor and skill of the Plaintiff's unique professional services and threaten the very existence of the product and services provided by Plaintiff.

111.    Because of the Defendants' deceptive acts and unlawful practices, Plaintiff has suffered and will continue to suffer substantial damages and loss of profits and is entitled to actual damages plus all profits, gains and advantages derived by Defendants by their deceptive acts and unlawful practices to be determined at the time of trial in an amount not less than $150,000.00.

112.    Plaintiff requests that this Court award reasonable attorney's fees because Defendants' actions were willful.

## TENTH CAUSE OF ACTION
## FALSE ADVERTISING – NEW YORK GENERAL BUSINESS LAW § 350

113.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "112," inclusive with the same force and effect as if fully set forth herein at length.

114.    Plaintiff created the HD Designs and lawfully possesses the exclusive Copyright and Architectural Work Copyright for the HD Designs.  Defendants have falsely advertised the Plaintiff's Copyright and Architectural Work Copyright in the HD Designs as their own original work design and have intentionally deceived consumers as to the fact that Plaintiff created the HD Designs by misappropriating, building, and marketing the HD Designs as their own original work.

115.    Defendants are free-riding on the labor and skill of the Plaintiff's unique professional services and threaten the very existence of the product and services provided by Plaintiff.

116.    Defendants' acts have caused and, if not preliminarily and permanently enjoined, will continue to cause Plaintiff to suffer irreparable harm.

117.    Because of the Defendants' false advertising, Plaintiff has suffered and will continue to suffer substantial damages and loss of profits and is entitled to actual damages plus all profits, gains and advantages derived by Defendants by their deceptive acts and unlawful practices to be determined at the time of trial in an amount not less than $150,000.00.

118.    Plaintiff requests that this Court award reasonable attorney's fees because Defendants' actions were willful.

**WHEREFORE**, Plaintiff demands the following relief:

1.    For an injunction providing:

"Defendants shall be and hereby enjoined from directly or indirectly infringing Plaintiff's rights under federal or state law in the copyrighted HD Design Plans, whether now in existence or later created, that is owned or controlled by Plaintiff (or any

20

parent, subsidiary, affiliate, or licensing agent of Plaintiff), except pursuant to a lawful license or with the express written authority of Plaintiff.  Defendants shall destroy all copies of the HD Designs Plans that the Defendants have copied without Plaintiff's authorization and shall destroy all copies of those plans transferred onto any physical medium or device in Defendants' possession, custody, or control."

2. **As to the First Cause of Action**: That Plaintiff shall recover actual damages and all profits, gains, advantages by Defendants but not less than $150,000.00, recover any and all common law damages but not less than $150,000.00, recover statutory damages pursuant to 17 U.S.C. § 504(c), but not less than $150,000.00 per copyright violation; recover attorney's fees and costs pursuant to 17 U.S.C. § 505.

3. **As to the Second Cause of Action**: That Plaintiff recover actual damages and all profits, gains, and advantages derived by Defendants, but not less than $150,000.00; recover statutory damages pursuant to 17 U.S.C. § 504 but not less than $150,000.00 per copyright violation; and;

4. **As to the Third Cause of Action**: That Plaintiff recover actual damages and all profits, gains, and advantages derived by Defendants, but not less than $150,000.00; recover statutory damages pursuant to 15 U.S.C. § 1123(a)(1)(A) but not less than $150,000.00; recover attorney's fees and costs pursuant to 15 U.S.C. § 1117(a); and

5. **As to the Fourth Cause of Action**: That Plaintiff recover actual damages and all profits, gains, and advantages derived by Defendants, but not less than $150,000.00; recover statutory damages pursuant to 15 U.S.C. § 1123(a)(1)(A) but not less than $150,000.00; recover attorney's fees and costs pursuant to 15 U.S.C. § 1117(a); and

6.      **As to the Fifth Cause of Action**: That Plaintiff recover actual damages and all profits, gains, and advantages derived by Defendants, but not less than $150,000.00; recover any common law damages, but not less than $150,000.00; and

7.      **As to the Sixth Cause of Action**: That Plaintiff recover actual damages and all profits, gains, and advantages derived by Defendants, but not less than $150,000.00; recover any common law damages, but not less than $150,000.00; and

8.      **As to the Seventh Cause of Action**: That Plaintiff recover actual damages and all profits, gains, and advantages derived by Defendants, but not less than $150,000.00; recover any common law damages, but not less than $150,000.00; and

9.      **As to the Eighth Cause of Action**: That Plaintiff recover actual damages and all profits, gains, and advantages derived by Defendants, but not less than $150,000.00; recover any common law damages, but not less than $150,000.00; and

10.     **As to the Ninth Cause of Action**:  That Plaintiff recover actual damages and all profits, gains, and advantages derived by Defendants, but not less than $150,000.00; recover statutory damages pursuant to New York General Business Law 22-A G.B.L. § 349; recover treble damages, attorney's fees and costs pursuant to New York General Business Law 22-A G.B.L. § 349.

11.     **As to the Tenth Cause of Action**:  That Plaintiff recover actual damages and all profits, gains, and advantages derived by Defendants, but not less than $150,000.00; recover statutory damages pursuant to New York General Business Law 22-A G.B.L. § 350; recover treble damages, attorney's fees and costs pursuant to New York General Business Law 22-A G.B.L. § 350.

12.    That Plaintiff recover any and all common law damages;

13.    That Plaintiff receive prejudgment interest; and

14.    This action be submitted to a jury for determination; and

15.    For such other relief which this Court may deem just and proper.

Dated:    New York, New York
          December 13, 2024

                              Yours, etc.

                              **LAW OFFICE OF DIMITRIOS
                              KOUROUKLIS, PH.D.**


                              By:    / Dimitrios Kourouklis /
                                     Dimitrios Kourouklis
                                     Effimia Soter
                              *Attorneys for Plaintiff*
                              19 West 21st Street, Suite 402
                              New York, New York 10010
                              (929) 400-7608